L. R. BAIRD, as Receiver of the Merchants State Bank, Velva, North Dakota, a Corporation, Respondent, v. CARL HANSON, Appellant.

(215 N. W. 538.)

**Appeal and error — both sides move for a directed verdict — not disturbed if supported by competent testimony.**

The decision of the trial court, in a case where both sides move for a directed verdict, will not be disturbed, when it is supported by competent testimony.

Opinion filed October 13, 1927.

Appeal and Error, 4 C. J. § 2872 p. 902 n. 12. Warehousemen, 40 Cyc. p. 422 n. 93 New; p. 474 n. 12.

Appeal from the District Court of McHenry County, *Kneeshaw,* J. Affirmed.

*Albert Weber,* for appellant.

"The mere consent of one of the officers of a corporation that another officer may do an act requiring special corporate authority, manifestly, does not constitute any legitimate basis for doing such act." 7 R. C. L. 620; First Nat. Bank v. Casselton Realty & Invest. Co. 44 N. D. 353, 175 N. W. 720.

"A receiver takes the estate of an insolvent for the benefit of the creditors. He is, in effect, an assignee, and stands in the shoes of the insolvent with exactly the same rights and obligations that the latter had at the time of insolvency." Gilbertson v. Northern Trust Co. 53 N. D. 502, 207 N. W. 42.

"Plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary." 38 Cyc. 2048; 47 Century Dig. § 119; Van Zandt v. Shuyler (Kan.) 43 Pac. 295.

"An equitable title or right will not suffice for the maintenance of trover." 38 Cyc. 2049; Baker v. Seavey (Mass.) 40 N. E. 863.

Annotation.—As to review of direction or refusal of trial court to direct verdict, see 2 R. C. L. 198; 1 R. C. L. Supp. 439; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81; 6 R. C. L. Supp. 74.

*Dickinson & Johnson,* for respondent.

In an action for conversion the plaintiff has an election as to the party he will sue; he may follow the goods converted, and demand possession from any person in whose hands he may find the goods and "is not estopped to assert his title as against a purchaser in good faith from a warehouseman." Kastner v. Andrews, 49 N. D. 1059, 194 N. W. 824.

"A stockholder cannot acquire title to the corporate property except through a corporate act. He has no right to take any of the corporate property for his own purposes, or to use it for his own benefit, or to take possession thereof or to impose a lien thereon." 14 C. J. 864.

"Apart from his stock, an individual stockholder has no interest in the corporate assets which are capable of being assigned." 14 C. J. 865.

The original existence of the corporation not being disputed, the burden of proving the nonexistence of it upon any subsequent date is upon the party alleging it. Farmers State Bank v. Brown, 52 N. D. 806, 204 N. W. 673.

Where a seal is not required in the case of individuals none will be required in the case of a corporation. 14A C. J. 305.

BURR, J. The defendant, as sheriff, levied upon two storage tickets issued in the name of the Velva Land and Loan Company, under an execution against one A. and one S. on a judgment in favor of a school district. The storage tickets were advertised for sale by the sheriff and sold. The plaintiff, as receiver, claims to be the owner of these storage tickets prior to the levy, by reason of an assignment of the same by the Velva Land and Loan Company. He made demand for the surrender of the tickets which demand the sheriff has refused. The plaintiff then brought this action in conversion. On the trial of the case execution, notice of sale, and other records of the sheriff were stipulated in evidence. Other than this the defendant offered no testimony. At the close of the case both sides moved for a directed verdict upon the testimony introduced by the plaintiff and the stipulated evidence. The court directed a verdict for the plaintiff and defendant appeals.

The controversy centers around the proof of the alleged assignment from the Velva Land and Loan Company to the Merchants Bank. The

appellant strenuously contends that there is not sufficient proof to show, first, that the Velva Land and Loan Company was in fact a corporation; and, second, that there is no proof that the alleged assignment was authorized by the corporation.

The complaint alleges the storage tickets were issued to the Velva Land and Loan Company, but does not describe it as a corporation, and the answer makes no reference to this company. For this reason defendant says that there is neither an allegation of corporate existence, nor denial of the same; hence the plaintiff is required to prove the corporate capacity of this company in order to prove his assignment. S. testified by deposition and states that he and the aforesaid A., together with other persons, were stockholders of the Velva Land and Loan Company; that this company was a corporation organized in 1915, still in existence, that he was secretary and treasurer of the same as well as a director; and that A. was president and a director. The defendant was represented at the taking of this deposition and no objection was interposed to these answers, or, to the questions which elicited them; nor was any objection to these questions made when the deposition was read in evidence. The corporate capacity of the Velva Land and Loan Company was sufficiently proved.

The testimony of S. with reference to the alleged assignment was to the effect that prior to October 20, 1925, the corporation was indebted to the bank and that from time to time partial payments and renewals were made so that there was a renewal note for $1,900, and that as payment thereon he issued Exhibit C the assignment of the tickets, which assignment is signed, "The Velva Land and Loan Company by A. E. Severeid its Secretary." There is no corporate seal attached, nor any indorsement of the tickets. This witness testified he signed the assignment as secretary on behalf of the corporation, and that he had authority from the board of directors to execute it. There was no objection to any of this testimony. The storage tickets were received in evidence, and are in the form prescribed by statute. They show the grain was deposited in the name of the Velva Land and Loan Company.

When the assignment was offered in evidence the defendant objected to its reception on the ground that there was no foundation laid for its introduction, that it was not the best evidence, that it did not tend to prove any of the allegations of the complaint, and that it was incom-

potent, irrelevant, and immaterial. This objection was overruled and the assignment admitted in evidence. On the cross-examination of this witness S. at the time his deposition was taken, which cross-examination is in evidence, some time was spent on the question of the organization and thereby it was elicited that the corporation had capital stock of $45,000, that the witness was the holder of 60 shares of stock at the par value of $100 each and that the books and records of the company were with the president, Mr. Anderson.

There can be no question but what the company was indebted to the bank, that it gave this assignment of these tickets as a payment upon this indebtedness, that this assignment was made before the levy, that the tickets were owned by the company and not by A. and S. as individuals. It is true plaintiff must depend upon the strength of his own title and he has shown the assignment which entitles him to possession. True, there is no indorsement on the tickets but this is not necessary. The assignment conveyed the interest. The fact that the tickets were issued in the name of the Velva Land and Loan Company is presumptive evidence that the company was the owner prior to the assignment. See § 3125b2 of the Code (Comp. Laws Supp. 1925).

There is sufficient evidence of the corporate capacity of the company, and of this assignment of the storage tickets to the bank to sustain the judgment in this case, and the same is therefore affirmed with costs.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURKE, JJ., concur.